# United States Bankruptcy Court
## Western District of Oklahoma

In re  **Nana Brago Boateng**  
Debtor(s)

Case No. _____  
Chapter **13**

## CHAPTER 13 PLAN
☐ Check if this is an amended plan

### 1. NOTICES:

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To: Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under any plan.

| | Yes | No |
|---|---|---|
| The plan contains nonstandard provisions set out in Section 10. | ☐ | ☑ |
| The plan limits the amount of a secured claim based on a valuation of the collateral in accordance with Section 5.C.(2)(b). | ☑ | ☐ |
| The plan avoids a security interest or lien in accordance with Section 9. | ☑ | ☐ |

**2. PAYMENTS TO THE TRUSTEE:** The Debtor (or the Debtor's employer) shall pay to the Trustee the sum of $**255.00** per month for **60** months. If the plan payment structure is in the form of step payments, the payment structure is indicated below. Plan payments to the Trustee shall commence on or before 30 days after the Chapter 13 Petition is filed. The Debtor shall turn over such additional funds as required by law and/or any Court Order.

Step payments   $ _____

Minimum total of plan payments: $**15,300.00**

The Debtor intends to pay plan payments:  
☑ Direct or  
☐ By wage deduction from employer of:   ☐ Debtor  
☐ Joint Debtor

Debtor's Pay Frequency:  ☐ Monthly   ☐ Semi-monthly (24 times per year)   ☐ Bi-weekly (26 times per year)   ☐ Weekly   ☑ Other

Joint Debtor's Pay Frequency:  ☐ Monthly   ☐ Semi-monthly (24 times per year)   ☐ Bi-weekly (26 times per year)   ☐ Weekly   ☑ Other

**3. PLAN LENGTH:** This plan is a **60** month plan.

**4. GENERAL PROVISIONS:**

a. As used herein, the term "Debtor" shall include both Debtors in a joint case.

b. Student loans are non-dischargeable unless determined in an adversary proceeding to constitute an undue hardship under 11 U.S.C. §523(a)(8).

c. The Trustee will make no disbursements to any creditor until an allowed proof of claim has been filed. In the case of a secured claim, the party filing the claim must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.

d. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.

e. All property shall remain property of the estate and shall vest in the Debtor only upon dismissal, discharge, conversion or other specific Order of the Court. The Debtor shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.

f. The debtor is prohibited from incurring any debts except such debts approved pursuant to the Court's directives or as necessary for medical or hospital care.

**5. DISBURSEMENTS TO BE MADE BY TRUSTEE:**

   **A. ADMINISTRATIVE EXPENSES:**
     (1) Estimated Trustee's Fee: **10**%
     (2) Attorney's Fee (unpaid portion): $**2,000.00** to be paid through plan in monthly payments
     (3) Filing Fee (unpaid portion): $**None**

   **B. PRIORITY CLAIMS UNDER 11 U.S.C. § 507:**

     **(1) DOMESTIC SUPPORT OBLIGATIONS:**

       (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

       (b) The name(s) of the holder(s) of any domestic support obligation are as follows:

       (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as secured claims. Any allowed claim for a domestic support obligation that remains payable to the original creditor shall be paid in full pursuant to the filed claim, unless limited by separate Court Order or filed Stipulation.

       ☐ Arrearage shall be paid through wage assignment, pursuant to previous Order entered by a non-bankruptcy Court.

       ☐ Arrearage shall be paid in full through the plan.

| Name | Estimated arrearage claim | Projected monthly arrearage payment in plan |
|---|---|---|
| **-NONE-** | | |

       (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and shall be paid as follows:

       Claimant and proposed treatment:

     **(2) OTHER PRIORITY CLAIMS:**

       (a) Pre-petition and/or post-petition priority tax claims shall be paid in full pursuant to the filed claim unless limited by separate Court Order or filed Stipulation.

| Name | Amount of Claim |
|---|---|
| **-NONE-** | |

       (b) All other holders of priority claims listed below shall be paid in full as follows:

| Name | Amount of Claim |
|---|---|
| **Oklahoma Tax Commission** | **$483.00** |
| **Oklahoma Tax Commission** | **$1,091.00** |
| **Oklahoma Tax Commission** | **$0.00** |
| **Oklahoma Tax Commission** | **$287.00** |

   **C. SECURED CLAIMS:**

     **(1) PRE-CONFIRMATION ADEQUATE PROTECTION:** Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not be paid until the Creditor files a proof of claim, with proper proof of security attached.

| Name | Collateral Description | Pre-Confirmation Monthly Payment |
|---|---|---|
| **-NONE-** | | |

     **(2) SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:**

**(a) SECURED CLAIMS NOT SUBJECT TO VALUATION:** Secured creditors with a purchase money security interest securing a debt either incurred within the 910-day period preceding the filing of the bankruptcy petition where the collateral is a motor vehicle acquired for personal use, or incurred within the 1-year period preceding the bankruptcy petition where the collateral is any other thing of value, shall be paid in full with interest at the rate stated below. The amount stated on an allowed proof of claim controls over any contrary amount listed below.

| Name | Collateral Description | Estimated Amount of Claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **-NONE-** | | | | % |

**(b) SECURED CLAIMS SUBJECT TO VALUATION:** All other secured creditors, except secured tax creditors, shall be paid the proposed secured value with interest in the amounts stated below. To the extent the proposed secured value exceeds the secured claim, only the claim amount, plus interest shall be paid. Secured tax claims shall be paid as filed unless limited by separate Court Order.
NOTE: The valuation of real estate requires the filing of a motion to determine value and the entry of a separate Court Order before any proposed secured value of real estate stated below may be approved.

| Name | Collateral Description | Proposed Secured Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Skopos Financial Llc** | **2015 Kia Rio 100000 miles**<br>**VIN: KNADM4A36F6424999**<br><br>**Debtor Possession Location: 324 White Oaks DR, Norman OK 73071** | **$4,971.04** | **Avg. $185.10** | **4.00** % |

**(3) DEBTS SECURED BY PRINCIPAL RESIDENCE WHICH WILL EXTEND BEYOND THE LENGTH OF THE PLAN (LONG-TERM DEBTS):**

| Name | Collateral Description | *Monthly Ongoing Pymt | 1st Post-petition Payment | *Estimated Amt of Arrearage | Interest on Arrearage |
|---|---|---|---|---|---|
| **-NONE-** | | | | | % |

*The "1st post-petition payment" is the monthly ongoing mortgage payment which comes due between the petition date and the due date of the first plan payment. The arrearage amounts, monthly ongoing payment, and 1st post-petition payment are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court Order. The interest rate to be paid on the arrearage and the 1st post-petition payment is reflected above.

**(4) OTHER SECURED DEBTS WHICH WILL EXTEND BEYOND THE LENGTH OF THE PLAN (LONG-TERM DEBTS):**

| Name | Collateral Description | *Monthly Ongoing Pymt | 1st Post-petition Payment | *Estimated Amt of Arrearage | Interest on Arrearage |
|---|---|---|---|---|---|
| **-NONE-** | | | | | % |

*The "1st post-petition payment" is the monthly ongoing payment which comes due between the petition date and the due date of the first plan payment. The arrearage amounts, monthly ongoing payment, and 1st post-petition payment are estimated and will be paid according to the amount stated on the claim unless objected to and limited by separate Court Order. The interest rate to be paid on the arrearage and the 1st post-petition payment is reflected above.

**D. UNSECURED CLAIMS:**

(1) Special Nonpriority Unsecured claims shall be paid in full plus interest at the rate stated below, as follows: ☐

| Name | Amount of Claim | Interest Rate |
|---|---|---|
| **-NONE-** | | % |

(2) General Nonpriority Unsecured: Other unsecured creditors shall be paid pro-rata approximately **2.00** percent, unless the plan guarantees a set dividend as follows:

Guaranteed dividend to non-priority unsecured creditors: **$713.27**

**6. DIRECT PAYMENTS BY DEBTOR:** The Debtor shall make regular payments directly to the following creditors:

3

| Name | Amount of Claim | Monthly Payment | Collateral Description if Applicable |
|---|---|---|---|
| **FedLoan Servicing** | **$12,751.00** | **$Deferred** | **Educational** |
| **Oklahoma State Regents for Higher Educat** | **$1,677.00** | **$Deferred** | **Government Unsecured Guarantee Loan 07 Jpmorgan Chase Bank Na** |
| **Oklahoma State Regents for Higher Educat** | **$1,266.00** | **$Deferred** | **Government Unsecured Guarantee Loan 07 Jpmorgan Chase Bank Na** |
| **Oklahoma State Regents for Higher Educat** | **$3,927.00** | **$Deferred** | **Government Unsecured Guarantee Loan 07 Jpmorgan Chase Bank Na** |
| **Oklahoma State Regents for Higher Educat** | **$2,537.00** | **$Deferred** | **Government Unsecured Guarantee Loan 07 Jpmorgan Chase Bank Na** |
| **Oklahoma State Regents for Higher Educat** | **$2,082.00** | **$Deferred** | **Government Unsecured Guarantee Loan 07 Jpmorgan Chase Bank Na** |
| **Oklahoma State Regents for Higher Educat** | **$1,922.00** | **$Deferred** | **Government Unsecured Guarantee Loan 07 Jpmorgan Chase Bank Na** |

NOTE: Direct payment will be allowed only if the debtor is current on the obligation, the last payment on the obligation comes due after the last payment under this plan, and no unfair preference is created by the direct payment.

**7. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** The plan rejects all executory contracts and unexpired leases, except as follows:

| Name | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

**8. SURRENDERED PROPERTY:** The following property is to be surrendered to the secured creditor, with a deficiency allowed, unless specified otherwise. The Debtor requests the automatic stay be terminated as to the surrendered collateral upon entry of Order Confirming Plan or other Order of the Court.

| Name | Amount of Claim | Collateral Description |
|---|---|---|
| **-NONE-** | | |

**9. LIEN AVOIDANCE:** No lien will be avoided by the confirmation of this plan. Liens may be avoided only by separate Court Order, upon proper Motion including reasonable notice and opportunity for hearing.

Liens Debtor intends to avoid:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| | | **Electronics: tvs, computers, laptops, cell phones, DVR, etc** |
| **World Finance** | **$340.00** | **Debtor Possession**<br>**Location: 324 White Oaks DR, Norman OK 73071** |

**10. NONSTANDARD PLAN PROVISIONS:** Any nonstandard provision placed elsewhere in this plan is void.

☑ By checking this box certification is made by the Debtor, if not represented by an attorney, or the Attorney for Debtor, that the plan contains no nonstandard provision other than those set out in this paragraph.

Date **November 15, 2018**    Signature    **/s/ Nana Brago Boateng**
                                            **Nana Brago Boateng**
                                            Debtor

Date                          Signature
                                            Joint Debtor

**/s/ B David Sisson OBA**
Attorney for Debtor(s) Signature

4

**B David Sisson OBA 13617**
**P O Box 534/305 E Comanche**
**Norman, OK 73070**
**(405) 447-2521**
**(405) 447-2552**
**sisson@sissonlawoffice.com**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                                          Best Case Bankruptcy